UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL SLEEP,<br>   Plaintiff, | :<br>:<br>: |
| v. | :    C.A. No. 19-664WES |
| | : |
| OMNI RHODE ISLAND, LLC, et al.,<br>   Defendants. | :<br>: |

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On December 4, 2019, five days before Rhode Island's three-year statute of limitations, R.I. Gen. Laws § 9-1-14(b), would have expired, Plaintiff Michael Sleep filed this personal injury action in Rhode Island State Court against Defendants Omni Rhode Island, LLC, Omni Hotels Management Corporation, Omni Hotels & Resorts and Omni Providence Hotel (collectively "Omni") based on a serious injury caused by tripping over boxes on December 9, 2016. ECF No. 1-2 ¶¶ 10-14.[1] The injury occurred while Plaintiff was working at premises that he alleged were owned and/or operated by Omni. Id. ¶¶ 3-6, 10-28. On December 31, 2019, Omni answered, alleging, *inter alia*, that it did not have ownership or control over the premises where Plaintiff's injury occurred. ECF No. 4 at 9. At the Rule 16 conference held on April 29, 2020, the parties advised the Court that early discovery had exposed a factual question whether Omni was legally responsible for the premises in issue but that their ability to investigate had been adversely impacted by the COVID pandemic, at that time in the early lockdown phase. Text Order of Apr. 29, 2020.

---

[1] The matter was subsequently removed to this Court based on diversity jurisdiction. ECF No. 1.

Finally, on December 6, 2021, almost five years after the injury and two years after the expiration of the applicable statute of limitations, with leave of Court,[2] Plaintiff filed his Amended Complaint. ECF No. 32. It names and was served on a new Defendant not alleged to have any affiliation or relationship with Omni – the separate entity that allegedly is legally responsible for the residential portion of the building that is immediately adjacent to the building housing the hotel owned and operated by Omni: The Procaccianti Group a/k/a PRI XIX, LP, and/or PRI XVIII, LP ("Procaccianti"). In addition to continuing to claim that Omni is the responsible entity, the Amended Complaint pleads in the alternative that Plaintiff's injury occurred while Plaintiff was working on premises for which Procaccianti is legally responsible.

Now pending before the Court is Procaccianti's motion to dismiss (ECF No. 37) all claims against it pursuant to Fed. R. Civ. P. 12(b)(6) based on the expiration of the applicable statute of limitations. Procaccianti contends that this fatal deficiency is clearly revealed by the dates in the Amended Complaint and that the pleading is devoid of any allegations permitting the plausible inference that the doctrine of relation back in Fed. R. Civ. P. 15(c) might apply.

**I.      Standard of Review and Applicable Law**

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must accept "well-pled facts in the complaint as true, and draw[] all reasonable inferences in favor of the plaintiff." Gilbert v. City of Chicopee, 915 F.3d 74, 80 (1st Cir. 2019). To survive such a motion the complaint must give the defendant fair notice of what the claim is and allege a plausible entitlement to relief. Id. Affirmative defenses, such as the statute of limitations, may

---

[2] Plaintiff does not argue that the text order allowing his motion for leave to amend resolved the statute of limitations problem or the relation back issue favorably to him. For cases holding that the Court's procedural approach (allowing the complaint to be amended without resolving the futility argument) is appropriate, see Pessotti v. Eagle Mfg. Co., 946 F.2d 974, 977 n.2 (1st Cir.1991); Palacio v. City of Springfield, 25 F. Supp. 3d 163, 169 (D. Mass. 2014).

be raised in a motion to dismiss if the facts establishing the defense are clear on the face of the pleading.  Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008).  A plaintiff that adds a new defendant by amendment after the running of the statute of limitations "bears the burden of showing that the Rule 15(c) relation back doctrine applies," although "[t]he precise nature of that burden is not entirely clear."  Graham v. Church, Civil No. 14-cv-171-LM, 2015 WL 247910, at *4 (D.N.H. Jan. 20, 2015).  The court "may grant a motion to dismiss based on a defendant's affirmative defense of a statute of limitations when the pleader's allegations leave no doubt that an asserted claim is time-barred."  Ornelas v. City of Manchester, Civil No. 14-cv-394-LM, 2017 WL 2423512, at *1 (D.N.H. June 5, 2017) (cleaned up).

> Rule 15(c) of the Federal Rules of Civil Procedure provides in pertinent part that:
>
> (1) An amendment to a pleading relates back to the date of the original pleading when . . .
>
> > (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> >
> > > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > >
> > > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

While relation back is generally permitted where "the proper defendant is already before the court and the effect is merely to correct the name under which he is sued," Wilson v. United States Gov't, 23 F.3d 559, 563 (1st Cir. 1994) (internal quotation marks omitted), it is well settled that relation back does not apply where there is simply "lack of knowledge of the proper party." Id. (emphasis in original); see, e.g., Cruz v. Bos. Litig. Sol., Civil Action No. 13-11127-LTS, 2016 WL 3568254, at *11 (D. Mass. May 24, 2016) ("lack of knowledge regarding a

3

potential defendant is not the kind of mistake that allows relation back under Rule 15(c)(1)"); Bussell v. Rhode Island, C.A. No. 14-109 S, 2014 WL 3732096, at *2 (D.R.I. July 25, 2014) (amendment relates back only where there has been an error made concerning identity of proper party and not where there is lack of knowledge of defendant); Ferreira v. City of Pawtucket, 365 F. Supp. 2d 215, 217 (D.R.I. 2004) (plaintiff's lack of knowledge as to identity of defendant does not constitute "mistake" under Rule 15(c)).  Rather, a "mistake for purposes of Rule 15(c) . . . only occurs when a plaintiff uses one name intending and thinking to sue one entity, when in fact he should have used a different name." Cholopy v. City of Providence, 228 F.R.D. 412, 417 (D.R.I. 2005); see Phoenix v. Day One, C.A. No. 20-CV-152-WES-PAS, 2020 WL 7310498, at *4 (D.R.I. Dec. 11, 2020), adopted, 2021 WL 63517 (D.R.I. Jan. 7, 2021).

The relation back doctrine was clarified by the Supreme Court in Krupski v. Costa Crociere S.p.A., 560 U.S. 538 (2010).  In Krupski, the complaint clearly articulated the plaintiff's intent to sue the correct entity and the facts established that the entity sued in error was related to and had a nearly identical name as the correct defendant. Id. at 554-55.  As the Court noted:

> If the plaintiff sues party B instead of party A under these circumstances, she has made a "mistake concerning the proper party's identity" notwithstanding her knowledge of the existence of both parties.  The only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him.

Id. at 549.  The Court held that summary judgment should not have been granted because the facts would permit the finding that the proper defendant (hypothetical "party A") "should have known that" the plaintiff's failure to name it in the original complaint was due to a "mistake concerning the proper party's identity." Id. at 557 (emphasis added).

4

Since <u>Krupski</u>, courts distinguish circumstances involving lack of knowledge of the correct name to use to identify a known defendant, which <u>Krupski</u> holds may amount to a qualifying "mistake," but otherwise continue to hold that lack of knowledge of the correct defendant is not a mistake for purpose of relation back.  For example, in <u>General Linen Service, Inc. v. General Linen Service Co.</u>, Civil No. 12-cv-111-LM, 2015 WL 471011 (D.N.H. Feb. 4, 2015), the court distinguished <u>Krupski</u> as applicable when the claimant knows about and clearly describes the intended defendant in a timely pleading but mistakenly uses the name of a related entity.  <u>Id.</u> at *3-5.  By contrast, when the plaintiff simply omits any reference to a defendant in the original pleading based on lack of knowledge about that defendant, such lack of knowledge is not a "mistake concerning" identity under Fed. R. Civ. P. 15(c)(1)(C)(ii).  <u>Phoenix</u>, 2020 WL 7310498, at *5.  Further, as <u>Krupski</u> makes clear, what is pivotal to Fed. R. Civ. P. 15(c)(1)(C) is whether, during the Fed. R. Civ. P. 4(m) period, the correct defendant <u>both</u> had such notice of the action as to avoid prejudice <u>and</u> had actual or constructive knowledge that, but for the plaintiff's mistake, it would have been timely sued.  Lacking those elements, relation back is not applicable.  <u>See</u> <u>Phoenix</u>, 2020 WL 7310498, at *3-5.

**II.**     **Analysis and Recommendation**

Plaintiff does not dispute that the applicable statute of limitations is set forth in R.I. Gen. Laws § 9-1-14(b), that the dates in the Amended Complaint establish that it had long since expired by the time Procaccianti was sued and that his claim against Procaccianti must be dismissed unless the amendment relates back to the date of the original pleading.  <u>See</u> ECF No. 41 at 2.  Plaintiff does not allege that Omni and Procaccianti are the same or even related entities, nor do they have the same attorney.  Plaintiff has presented nothing that would permit the inference that Procaccianti had notice of the action at any time prior to the running of the statute

of limitations or during the period for serving the original summons and complaint set by Fed. R. Civ. P. 4(m). Nor does Plaintiff point to any facts tending to show that, during the same time period, Procaccianti knew or should have known that, but for a mistake, it would have been named in the original complaint.

Despite these deficiencies, Plaintiff nevertheless contends that Fed. R. Civ. P. 15(c)'s doctrine of relation back is applicable because he made a "mistake . . . of nomenclature," ECF No. 41 at 3, with regard to the identity of the entity that owned/controlled the premises where he was injured because the Omni Hotel (owned and operated by Omni) and the Residences Providence (according to Plaintiff's google search, developed by Procaccianti) are in adjacent buildings that are linked, share the same street address and are similar in appearance. In support, he relies on the unauthenticated results of a google search appended to his brief based on the phrase "[O]mni [R]esidences." ECF No. 41-1. Plaintiff acknowledged at the hearing that, if accepted as authenticated, this attachment does not permit the inference that he made a reasonable mistake in "nomenclature" as he contends. That is, this material reveals that "the Residences Providence is a high-rise residential tower . . . developed by [Procaccianti]," which is "situated adjacent to" the building that houses the Omni Hotel, as well as that the two buildings are connected to each other (as well as to other adjacent buildings . . . ) and have similar "fenestration and styling." ECF No. 41-1. It does not support the proposition that Omni and Procaccianti are affiliated or related entities with confusingly similar names; rather, it establishes that the two adjacent buildings are linked and similar in appearance.[3]

---

[3] Mindful that a Fed. R. Civ. P. 12(b)(6) motion tests the adequacy of the pleading without regard to such extraneous material, at the hearing the Court inquired whether Plaintiff wished to convert the motion to one seeking summary judgment so the fruits of this google search could be authenticated and Procaccianti could be afforded a reasonable opportunity to respond as required by Fed. R. Civ. P. 56(d). He did not make that request. Even if this material was considered, it does not affect the outcome. That is, it does not support the inference either that Procaccianti received notice of the action within the Rule 4(m) time limit sufficient to prevent it from being prejudiced, or that it knew or

Procaccianti contends that Plaintiff's failure to name it in the original complaint was based on a lack of knowledge of the proper party and not a mistake regarding the proper party's correct identification.  ECF No. 37 at 4-10.  As a result, Procaccianti contends that the claims against it should be dismissed.  Id.

Procaccianti's argument is well founded.  It is clear that Plaintiff lacked knowledge that Procaccianti might be the "proper defendant" when he intentionally sued Omni and entirely omitted Procaccianti.  See Wilson, 23 F.3d at 563 ("[Plaintiff] fully intended to sue [defendant], he did so, and [defendant] turned out to be the wrong party.  We have no doubt that Rule 15(c) is not designed to remedy such mistakes.").  This is not a circumstance where the original complaint reveals that Plaintiff intended to sue Procaccianti and made a mistake in identity in naming Omni, as the Supreme Court found in Krupski.  560 U.S. at 554-57; see Phoenix v. Day One, No. 120-cv-00152-MSM-PAS, 2021 WL 4193197, at *1 (D.R.I. Sept. 15, 2021) ("A mistake in identity occurs when the correct party is before the court but called by the wrong name.").  Nor is this a case where, aware that Procaccianti was the proper defendant, but lacking its name, Plaintiff named it by pseudonym.  Id. at *2 (Rhode Island law permits "use of a pseudonym" to toll "the running of the limitations period" as long as plaintiff acts promptly to discover correct identity).  Nor can Plaintiff demonstrate that Procaccianti had such notice of the action within the Fed. R. Civ. P. 4(m) period – the ninety-day period following the filing of the complaint naming Omni during which the summons and complaint must be served – that it will not be prejudiced in defending on the merits.  Fed. R. Civ. P. 15(c)(1)(C)(i).  Nor is there anything to suggest that Procaccianti knew or should have known during the Fed. R. Civ. P. 4(m) period that, but for Plaintiff's mistake in misidentifying it by naming Omni, the action would

---

should have known within the Rule 4(m) time limit that Plaintiff would have brought an action against it but for a mistake concerning its identity.  However presented, Plaintiff's proffer is insufficient to support relation back.

have been brought against it.  Phoenix, 2021 WL 7310498, at *3-5.  Therefore, relation back does not apply and the action against Procaccianti is barred by the statute of limitations.  Accordingly, I recommend that all claims against Procaccianti in the Amended Complaint be dismissed.[4]

A coda: citing a thirty-five-year-old decision from the Ninth Circuit, Kilkenny v. Arco Marine Inc., 800 F.2d 853, 857 (9th Cir. 1986),[5] Procaccianti also argues that the claims do not relate back because of Plaintiff's delay in seeking to amend his complaint.  Plaintiff concedes that there was a substantial delay but contends that it was justified by confusion over his representation and the Covid pandemic.  In Krupski, the Court held that delay is relevant to relation back only to the extent it may have informed the correct defendant's "understanding during the Rule 4(m) period of whether [the plaintiff] made a mistake originally."  560 U.S. at 555.  Because Plaintiff's mistake here was caused by his lack of knowledge of Procaccianti as the potentially "proper party," Wilson, 23 F.3d at 563 (internal quotation marks omitted), that is, the entity potentially legally responsible for the building where he was injured, as well as because, during the Rule 4(m) period, Procaccianti neither had notice of the action nor knew or should have known that it was the intended defendant but for Plaintiff's mistake in naming Omni, Plaintiff's delay – whether or not justified – is not relevant to the Court's relation back determination.

## III.  **Conclusion**

---

[4] Procaccianti did not rely on Plaintiff's failure to abandon his allegation that Omni is the entity with responsibility for maintenance of the premises where he was injured.  His claims against Omni were restated in the Amended Complaint and remain pending.  ECF No. 32 at 6-7.  Thus, it is questionable whether Fed R. Civ. P. 15(c)(1)(C) even applies.  By its express terms, it is deployed when "the amendment changes the party or the naming of the party against whom a claim is asserted."  Fed. R. Civ. P. 15(c)(1)(C) (emphasis added).  See Tabb v. Journey Freight Internations, 584 F. Supp. 2d 334, 342 (D. Mass. 2008) ("Since there was no change of defendants, Rule 15(c) would not appear to apply.").  Because this argument was not presented, I do not recommend dismissal on this basis.

[5] See Leonard v. Parry, 219 F.3d 25, 29-31 (1st Cir. 2000) (criticizing Kilkenny in part).

Based on the foregoing analysis, I find that the Amended Complaint against Procaccianti is barred by the applicable statute of limitations and that Fed. R. Civ. P. 15(c)'s relation back doctrine cannot save it. Therefore, I recommend that the Court grant Procaccianti's motion (ECF No. 37) to dismiss it from the Amended Complaint. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
July 20, 2022