UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL SLEEP,  :
    Plaintiff,  :
  :
v.  :    C.A. No. 19-664WES
  :
OMNI RHODE ISLAND, LLC, et al.,  :
    Defendants.  :

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

    Plaintiff Michael Sleep initiated this personal injury action against Defendants Omni Rhode Island, LLC, Omni Hotels Management Corporation, Omni Hotels & Resorts, and Omni Providence Hotel (collectively, "Omni") on the brink of the expiration of the applicable statute of limitations. In his complaint, Plaintiff alleged that Omni was negligent in breach of its duty to maintain its premises free of hazardous debris and clutter. Following discovery that exposed a material factual issue whether Omni was legally responsible for the premises in issue, Plaintiff amended his complaint to add the entity (the Procaccianti Group) that appeared to be legally responsible, as well as a new allegation based on the doctrine of *respondeat superior*. On August 5, 2022, the Court granted the Procaccianti Group's motion to dismiss based on the expiration of the statute of limitations.[1]

    Omni now moves for summary judgment as to all claims against it based on undisputed facts establishing as a matter of law that (1) Omni owed no duty to maintain the premises where Plaintiff was injured because it neither owned nor controlled them; (2) Omni owed no duty to Plaintiff based on *respondeat superior* because he was not its employee on the day of the

---

[1] On August 5, 2022, the Court adopted by text order my Report and Recommendation (ECF No. 47) recommending that all claims against the Procaccianti Group be dismissed based on the bar of the statute of limitations.

incident; and (3) as to two of the Omni entities, they are not existing entities and cannot be liable in this case. ECF No. 48-1. Plaintiff has objected but has not presented anything to contravene Omni's factual presentation. ECF No. 50. Finding that the facts Omni has presented are undisputed, I recommend that the Court enter judgment in favor of Omni and against Plaintiff.

**I.      Background**[2]

Plaintiff alleges that he was injured when he tripped over a box in a storage area at One West Exchange Street Providence, Rhode Island (the "Premises") on December 9, 2016. SUF ¶¶ 1, 13. The Premises is a large, mixed-use tower that consists of hotel rooms on lower floors and condominiums on upper floors, with Omni owning the hotel rooms on the lower floors and the Procaccianti Group owning the upper floors. Id. ¶¶ 2-9. Omni and the Procaccianti Group are separate and distinct entities. Id. ¶ 10. On December 9, 2016, Plaintiff was lawfully present on the Premises as an employee of an entity that had been retained to perform sealant work; he was not employed by Omni. Id. ¶¶ 11-12. Plaintiff was injured while on Floor 32 of the Premises. Id. ¶¶ 13, 17-18. This is in the portion of the tower owned by the Procaccianti Group. Id. ¶ 20. Floor 32 is neither owned nor controlled by Omni; Omni has never been responsible for the maintenance and upkeep of Floor 32. Id. ¶¶ 19, 21-22. Two of the Omni Defendants – Omni Hotels & Resorts and Omni Providence Hotel – are nonexistent entities. Id. ¶ 27. For that independent reason, they do not own or control Floor 32. Id.

**II.     Law and Analysis**

A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[2] Pursuant to DRI LR Cv 56, Omni submitted a Statement of Undisputed Facts ("SUF") with supporting exhibits. ECF No. 49. Plaintiff has not filed anything in contravention of Omni's SUF; therefore, Omni's facts are deemed admitted. DRI LR Cv 56(a)(3). This background is based on Omni's SUF.

2

56(a). The moving party bears the burden of demonstrating that there is no triable issue of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If its factual proffer is sufficient, the burden then shifts to the non-moving party to show that a trier of fact could reasonably find in the non-moving party's favor. Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000). This approach does not change to the extent that the non-movant has not mounted a significant opposition. Even if a motion for summary judgment is unopposed, the court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law. Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 25 (1st Cir. 2006). That is, the "failure of the nonmoving party to respond to a summary judgment motion does not in itself justify summary judgment." Airway Leasing, LLC v. MTGLQ Invs., L.P., C.A. No. 18-cv-516-JJM-PAS, 2021 WL 1166517, at *2 (D.R.I. Mar. 26, 2021) (internal quotation marks omitted), adopted, 2021 WL 1910811 (D.R.I. May 12, 2021).

Pursuant to well settled Rhode Island law, to recover in a negligence action, a plaintiff must establish a legally cognizable duty owed by the defendant, breach of that duty, proximate causation between the conduct and the injury, and damages. Borgo v. Narragansett Electric Co., 275 A.3d 567, 572 (R.I. 2022). "An action in negligence is maintained when the plaintiff shows that the defendant breached a duty of care owed to the plaintiff and that this breach proximately caused an injury to the plaintiff resulting in actual damages." Moseley v. Fitzgerald, 773 A.2d 254, 258 (R.I. 2001) (internal quotation marks omitted). A defendant cannot be liable for negligence unless the defendant owes a duty of care to the plaintiff. Tavares v. Barbour, 790 A.2d 1110, 1112 (R.I. 2002).

For Plaintiff's premises liability claim in Count I to be viable, "[t]he basis for imposing a duty of care . . . is that the defendant[] must have possession and control over the premises."

Moseley, 773 A.2d at 258.  Only the owner or person in control of the premises owes a duty of reasonable care to individuals lawfully present to maintain the premises in a reasonably safe condition.  Lucier v. Impact Recreation, Ltd., 864 A.2d 635, 639 (R.I. 2005).  Count I fails as a matter of law because it is undisputed that the Procaccianti Group owned the portion of the Premises where Plaintiff was injured and Omni had no ownership or control of the Premises and has never been responsible for its maintenance and upkeep.  Therefore, Omni had no duty to maintain that area in a reasonably safe condition and is entitled to summary judgment as to Count I of the Amended Complaint.

Count II of the Amended Complaint is based on the doctrine of *respondeat superior* but its wording is confusing.  Count II appears (to the Court) to be claiming that Plaintiff's injury was caused by acts committed by employees of Omni and that Omni is responsible for their conduct based on *respondeat superior*.  ECF No. 32 ¶¶ 39-43.  If that interpretation is correct, Plaintiff's Count II claim fails as matter of law for the same reason why Count I fails.  That is, it is undisputed that Omni (an entity that necessarily acts through its employees and agents) did not own, control, maintain or keep up the area where Plaintiff was injured.  Omni cannot be held responsible for an action by its employees that was not within the scope of its business.  Doe v. O'Connell, Gelineau, Angell, C.A. No. 86-0077, 1988 WL 1016799, at *6 (R.I. Super. Ct. Jan. 28, 1988) ("Under the theory of respondeat superior, a master is liable for the torts of his servant committed while the servant is acting within the scope of his authority and while engaged in the master's business.") (citing Drake v. Star Market Co., Inc., 526 A.2d 517 (R.I. 1987)).  Accordingly, Count II also fails as a matter of law.

In its motion, Omni interpreted Count II differently.  It understood the factual allegations to be based on Plaintiff's status as an employee of Omni when he was injured.  ECF No. 8-1 at 4.

To the extent that this interpretation more accurately reflects Plaintiff's claim, it also fails as a matter of law. *Respondeat superior* is a doctrine that would apply if Plaintiff had himself committed an action that harmed another. See Drake, 526 A.2d at 519 (employer is responsible at law for tortious conduct of employees committed in course of employment). For an injury to the employee himself in the scope of employment, Rhode Island law imposes liability on the employer pursuant to worker's compensation law. See Mello v. Killeavy, 205 A.3d 454, 458 (R.I. 2019) (describing Workers' Compensation Act exclusivity provision that provides immunity to employers and fellow employees). Because it is undisputed that Plaintiff was not Omni's employee, Count II fails as a matter of law. That is, Omni owed no employment-based duty to Plaintiff and cannot be liable under a theory of *respondeat superior* or any other theory based on Plaintiff's employment. At bottom, however, there is no need for the Court to struggle with how *respondeat superior* applies to this case. For Count II to be viable under any theory, Plaintiff must demonstrate that what occurred fell within the scope of Omni's business. No matter how Count II is interpreted, Omni is entitled to summary judgment as to Count II of the Amended Complaint.

Finally, it is undisputed that two of the Omni entities – Omni Hotels & Resorts and Omni Providence Hotel – that were named as Defendants in this case are nonexistent entities and therefore cannot be held liable. Accordingly, for this independent reason, these two entities are entitled to judgment in their favor on all Counts.

### III.  Conclusion

Based on the foregoing analysis, I recommend that the Court grant Omni's motion for summary judgment (ECF No. 48), terminating this action as to all parties. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the

Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 24, 2022